

# NUMBER 13-16-00506-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

BARBARA PETROHAN,
AS MEMBER/MANAGER
OF ANIMAL MEDICAL CENTER
OF MCALLEN, L.L.C.,                                                    Appellant,

                                                v.

ROBERT ZAMORANO JR.,
AS MEMBER/MANAGER OF
ANIMAL MEDICAL CENTER
OF MCALLEN, L.L.C.,                                                    Appellee.

---

On appeal from the County Court at Law No. 7
of Hidalgo County, Texas.

---

# NUMBER 13-16-00507-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**IN RE BARBARA PETROHAN**

On Petition for Writ of Injunction.

# ORDER

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Order Per Curiam**

In cause number 13-16-00506-CV, appellant Barbara Petrohan as member/manager of Animal Medical Center of McAllen, L.L.C. (Animal Medical Center), appeals a final summary judgment rendered in favor of appellee Roberto Zamorano as member/manager of Animal Medical Center. The summary judgment orders "the winding up and termination" of Animal Medical Center. *See* TEX. BUS. ORGS. CODE ANN. § 11.314 (West, Westlaw through 2015 R.S.). Petrohan further appeals a post-judgment order appointing Gil Peralez as receiver for the dissolution of the company.

In cause number 13-16-00507-CV, Petrohan as member/manager of Animal Medical Center filed a petition for writ of injunction seeking to prevent the receiver Peralez from taking any action to manage, dissolve, or wind up Animal Medical Center until Petrohan's appeal in cause number 13-16-00506-CV has been finally determined. This Court granted that request, in part, insofar as we directed receiver Peralez to refrain from taking any action to dissolve or wind up Animal Medical Center, and denied the request, in part, as we directed receiver Peralez to conserve Animal Medical Center and its business and to avoid any damage to the parties interested in this entity.

This Court has reviewed the briefs and pleadings in these matters. It is clear that Petrohan, Zamorano, and Peralez have expended significant efforts to ensure that Animal

Medical Center is and remains a prosperous and substantial business offering a necessary service to the Rio Grande Valley. Further, our future resolution of the legal issues raised in these matters pertaining to both jurisdiction and summary judgment on the merits have the potential for disappointing results for all parties. Therefore, after full consideration of the significant rights involved in this matter, we ABATE these causes and ORDER them to mediation as follows.

1. The parties must promptly agree upon a mediator and, within seven days of this Order, notify the Court in writing of the name and address of the mediator selected.

2. All parties must confer with their mediator within seven days of the date of this Order to establish a date and place for the mediation. The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than thirty days after the date of this Order. In the event the parties cannot agree on a date, the mediator shall select and set a date. The mediator shall notify the Court of the date selected for the mediation.

3. In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues. Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case. The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4. All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding. The mediation shall be for a full day.

5. Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator. The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West, Westlaw through 2015 R.S.).

6. Unless otherwise agreed, the mediation proceeding will not be recorded.

7. The mediator will negotiate a reasonable fee with the parties. The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator. If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs. *See id.* § 154.054 (West, Westlaw through 2015 R.S.).

8. Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows: (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the Court's order or as otherwise agreed by the parties

9. If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion with this Court seeking dispositive relief within seven days of the conclusion of the mediation. If the parties need more time to effectuate the terms of the settlement agreement, they must, within seven days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is FURTHER ORDERED that this case is ABATED pending this Court's review of the mediator's report and further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
15th day of December, 2016.